IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

       **Plaintiff,**

**v.**                                  **Case No. 06-20040-01-JWL**

**Aaron Maurice Pettes,**

       **Defendant.**

## **MEMORANDUM & ORDER**

On June 20, 2016, defendant Aaron Maurice Pettes filed a § 2255 petition based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), asserting that his underlying state convictions for burglary no longer qualify as "crimes of violence" for purposes of the career offender guideline. In lieu of responding to the substance of Mr. Pettes' petition, the government moved for a stay of the proceedings pending a decision from the Supreme Court in *Beckles v. United States*, 2016 WL 1029080 (U.S. June 27, 2016), wherein the Court is expected to resolve whether *Johnson* applies retroactively to collateral cases challenging federal sentences enhanced under the career offender guidelines and whether *Johnson*'s holding applies to the residual clause of the career offender guideline. Upon receipt of the government's motion to stay, the court issued an order directing Mr. Pettes to respond to the motion to stay no later than September 6, 2016 and directing the government to reply to any response no later than September 23, 2016. The government declined to file a reply to Mr. Pettes' response on the motion to stay.

In his response to the motion to stay, Mr. Pettes advances a compelling argument in favor of proceeding to the merits of his § 2255 petition without waiting for a decision in Beckles—that is, that the Circuit has already decided one of the issues in *Beckles* such that this court can and should hold that the residual clause of the § 4B1.2 is unconstitutionally vague in light of *Johnson*.  *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015).  And while the Circuit has not resolved whether *Johnson*'s application to the Guidelines is a new substantive rule that applies retroactively to petitioners on collateral review, the Circuit has authorized second or successive petitions finding that the petitioner made a prima facie showing that *Johnson* applies retroactively to the Guidelines.  *See In re Encinias*, 821 F.3d 1224, 1226 (10th Cir. 2016).  Given this backdrop, the court would absolutely deny the motion to stay and proceed to the merits of Mr. Pettes' petition if a ruling in Mr. Pettes' favor would result in the immediate release of Mr. Pettes (or the release of Mr. Pettes in the very near future).  *See Culp v. United States*, 2016 WL 5400395, at *2-3 (D. Utah Sept. 27, 2016) (declining to stay case pending *Beckles* because delay would result in "real harm" to petitioner, who was entitled to immediate release if claim was meritorious).

Nonetheless, a review of the record in this case reveals that Mr. Pettes will suffer no prejudice if the court delays a ruling on the merits until the Supreme Court issues its decision in *Beckles*.  The presentence investigation report calculated an adjusted offense level of 24.  Based on the career offender enhancement, the offense level was increased to 32 and Mr. Pettes received a two-point adjustment for acceptance of responsibility for a total offense level of 30. Regardless of the enhancement, Mr. Pettes' criminal history score was calculated as a category VI.  At sentencing, the court granted an additional point for acceptance of responsibility which

resulted in a guideline range of 151 months to 188 months. The court sentenced Mr. Pettes to the low end of the range, or 151 months, to run consecutive to a lengthy sentence that Mr. Pettes was serving in the State of Nebraska.

Assuming Mr. Pettes' claim is meritorious and that the enhancement no longer applies in light of *Johnson*, then his adjusted offense level would be 24 and his total offense level, factoring in a three-point adjustment for acceptance of responsibility, would be 21. The corresponding guideline range for a total offense level of 21 and a criminal history score of VI is 77 months to 96 months. The low end of that range, 77 months, would reduce Mr. Pettes' sentence by 74 months from the sentence he received with the enhancement. The Bureau of Prisons' inmate locater reveals that Mr. Pettes' scheduled release date is September 21, 2025. Thus, a release date of roughly 74 months earlier than that date would be approximately July 25, 2019. A post-*Beckles* ruling on the merits of Mr. Pettes' petition would be rendered well in advance of that date. While the court certainly understands Mr. Pettes' desire for a resolution of his petition sooner rather than later, the court is hesitant to issue an opinion that might yet be undone by *Beckles*. In light of these circumstances, the court believes that a stay of the case pending *Beckles* is the appropriate course.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the government's motion to stay the proceedings (doc. 71) in this case pending the Supreme Court's decision in *Beckles* is granted. The stay will be lifted upon issuance of the *Beckles* opinion and the government shall submit its response to defendant's motion to vacate within 30 days of the *Beckles* opinion. The defendant shall file his reply to that response within 30 days of the response.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2016, at Kansas City, Kansas.

                                                     s/ John W. Lungstrum
                                                   John W. Lungstrum
                                                   United States District Judge