IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                            Case No. 06-20040-01-JWL

**Aaron Maurice Pettes,**

      **Defendant.**

## MEMORANDUM & ORDER

On October 14, 2016, Mr. Pettes filed a motion asking the court to vacate his sentence pursuant to what Mr. Pettes referred to as the "*Holloway* doctrine." More specifically, Mr. Pettes sought relief consistent with the relief granted by Judge John Gleeson in *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In that case, the court recognized the excessive nature of the defendant's mandatory minimum sentence of fifty-seven years for three convictions under 18 U.S.C. § 924(c) and called on the U.S. Attorney's Office to agree to an order vacating two of the defendant's three § 924(c) convictions so that the defendant could face a "more just resentencing." *Id.* at 314. The United States Attorney's Office ultimately agreed to the court's vacatur of two of the § 924(c) convictions and the court proceeded to resentence the defendant on the remaining § 924(c) count. *Id.* at 311.

Because the "*Holloway* doctrine" undisputedly requires the consent of the government, *see United States v. Marin-Moreno*, 2016 WL 901666, at *2 (E.D.N.Y. Mar. 9, 2016) (*Holloway* relief "can properly be granted only as frequently as the government chooses to consent to it."), the court issued an order directing the government to respond to Mr. Pettes' motion. The

government has now filed a response indicating that it does not agree to a sentence reduction and that *Holloway* relief is unwarranted in this case.  In reply, Mr. Pettes urges the court to encourage the government to consent.  In doing so, Mr. Pettes concedes that his sentence is not "unjust," but contends that relief is warranted because he recognizes that he made mistakes prior to his incarceration; he continues to work hard at self-improvement; and he should be "judged as the man he is today."

The court declines to press the government to agree to a sentence reduction in this case.  While Mr. Pettes' efforts to rehabilitate himself while incarcerated are commendable, the court simply cannot advocate a sentence reduction based solely on an inmate's efforts to rehabilitate himself or herself while incarcerated.  That certainly is not what Judge Gleeson contemplated in *Holloway*.  Mr. Pettes received a low-end guideline sentence of 151 months for a violation of 18 U.S.C. § 2113(a) (bank robbery).  The court, in sentencing Mr. Pettes, was not bound by any statutory mandatory minimum sentence.  Mr. Pettes' sentence is not disproportionately severe in light of the offense charged or as compared to similarly situated offenders.  There is simply no basis, then, to endeavor to persuade the government to agree to a sentence reduction.  The court denies Mr. Pettes' motion.  *See Buitrago v. United States*, 2016 WL 4366486, at *4 (S.D. Fla. Aug. 16, 2016) (refusing to ask the government to consider vacating convictions under *Holloway* despite defendant's good behavior in prison; sentence was not grossly disproportionate to offenses charged); *Acuna v. United States*, 2016 WL 3747531, at *4-5 (D. Hawaii July 8, 2016) (declining to "persuade" government to agree to a reduced sentence where Holloway was readily distinguishable and court was not required by mandatory guidelines or by statute to impose the sentence it did); *Wade v. United States*, 2015 WL 7732834, at *2 (D. Md.

Nov. 30, 2015) (finding no basis to apply the benefits of the *Holloway* decision where sentence imposed was not excessive, harsh or disproportionately severe).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pettes' motion for reconsideration (doc. 80) is **denied.**

**IT IS SO ORDERED.**

Dated this  15th day of November, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
