# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

**v.**                                                                                           Case No. 06-20040-01-JWL
                                                                                                 17-2223-JWL

**Aaron Maurice Pettes,**

      **Defendant.**

## MEMORANDUM & ORDER

On June 20, 2016, defendant Aaron Maurice Pettes filed a § 2255(f)(3) petition in which he sought relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). On March 20, 2017, Mr. Pettes moved to voluntarily dismiss that petition without prejudice and the court, because the government had not filed a response to the petition, granted the motion. *See* Fed. R. Civ. P. 41(a)(1)(B). Yesterday, Mr. Pettes filed another § 2255(f)(3) petition in which he seeks relief based on the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Because Mr. Pettes' initial petition was dismissed without prejudice, his new petition does not constitute a successive petition. *See Thai v. United States*, 391 F.3d 491, 495-96 (2nd Cir. 2004) (when a habeas petitioner voluntarily moves to withdraw a § 2255 petition and the motion is granted, a later petition is not considered successive absent a clear indication that the petitioner regarded his initial petition as meritless).

The petition is denied. Mr. Pettes seeks relief based on the *Mathis* decision, but that decision did not announce a new rule. Accordingly, Mr. Pettes may not rely on *Mathis* to revive the statute of limitations under § 2255(f)(3). In other words, Mr. Pettes' petition is untimely.

*United States v. Taylor*, ___ Fed. Appx. ___, 2016 WL 7093905, at *4 (10th Cir. Dec. 6, 2016) (defendant could not rely on *Mathis* in a § 2255 petition filed nearly fifteen years after judgment in criminal case because *Mathis* did not announce a new rule for purposes of § 2255(f)(3)). To the extent Mr. Pettes' petition is also based on *Welch v. United States*, 136 S. Ct. 1257 (2016), the petition also lacks merit. In *Welch*, the Supreme Court made *Johnson*'s holding retroactive to cases on collateral review. But *Johnson* does not apply to the Sentencing Guidelines under which Mr. Pettes' sentence was enhanced. *Beckles v. United States*, 137 S. Ct. 886 (2017).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Pettes' petition to vacate, set aside or correct his sentence pursuant to § 2255(f)(3) (doc. 91) is **denied.**

**IT IS SO ORDERED.**

Dated this 19th day of April, 2017, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge